FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 23 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GARY H. MOORE,

                Petitioner,

  -against-

THE SUPERINTENDENT OF SOUTHPORT
CORRECTIONAL FACILITY and
THE DISTRICT ATTORNEY OFFICE OF
NASSAU COUNTY,

                Respondents.
----------------------------------X

**MEMORANDUM AND ORDER**
12-CV-702 (KAM)

MATSUMOTO, United States District Judge:

    Petitioner Gary H. Moore, who is currently incarcerated at Southport Correctional Facility, filed this *pro se* petition on February 9, 2012 seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. As petitioner has filed multiple prior petitions under 28 U.S.C. § 2254 challenging the same conviction, the court cannot consider the instant petition and transfers it to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

    Petitioner was convicted in Nassau County on July 28, 1995 of burglary in the second degree, and was sentenced to an indeterminate term of 15 years to life imprisonment. *See People ex rel. Moore v. Connolly*, 56 A.D.3d 847, 847-48, 867 N.Y.S.2d 735, 735-36 (3d Dep't 2008). Petitioner filed multiple appeals and petitions challenging that conviction in the New York state courts. *See, e.g., People v. Moore*, 248 A.D.2d 405, 405-06, 669

N.Y.S.2d 638, 638-39 (2d Dep't 1998) (affirming conviction), *further appeal denied*, 698 N.E.2d 967, 91 N.Y.2d 1010, 676 N.Y.S.2d 138 (1998); *People v. Moore*, 38 A.D.3d 683, 830 N.Y.S.2d 665, 666 (2d Dep't 2007) (*error coram nobis* denied); *People ex rel. Moore*, 56 A.D.3d at 847, 867 N.Y.S.2d at 735 (affirming New York Supreme Court, Clinton County's denial of petition for writ of *habeas corpus* brought pursuant to C.P.L.R. Article 70), *leave to appeal denied*, 12 N.Y.3d 701, 876 N.Y.S.2d 348, 904 N.E.2d 503 (2009); *People ex rel. Moore v. Superintendent of Southport Correctional Facility*, Slip op. (N.Y. Sup. Ct., Chautauqua County, June 28, 2010), *leave to appeal denied*, 2012 WL 86969 (Jan. 12, 2012).

Petitioner has previously challenged his 1995 Nassau County conviction pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of New York, which denied his first petition. *See Moore v. Miller*, No. 99-CV-6722 (NG), slip op. (E.D.N.Y. Aug. 15, 2000) (petition denied), *appeal dismissed*, Mandate, No. 00-2533 (2d Cir. Nov. 29, 2000). The Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003); 28 U.S.C. § 2244(b)(3)(A). Petitioner has previously

filed numerous successive petitions in this court, all of which were transferred to the United States Court of Appeals or dismissed. *See, e.g., Moore v. Domelli*, No. 05-CV-5325 (NG), slip op. (E.D.N.Y. Jan. 18, 2006) (transferring petitioner's *habeas* application to the Second Circuit as second or successive), *certification of successive petition denied*, Mandate, No. 06-0322 (2d Cir. Sept. 26, 2006); *Moore v. Vann*, No. 06-CV-5592 (NG), 2006 WL 3335046 (E.D.N.Y. Nov. 16, 2006) (transferring petitioner's *habeas* application to the Second Circuit as second or successive); *Moore v. Vann*, No. 07-CV-3896 (NG), slip op. (E.D.N.Y. Sept. 25, 2007) (transferring petitioner's *habeas* application to the Second Circuit as second or successive), *certification of successive petition denied*, Mandate, No. 07-4132 (2d Cir. Jan. 23, 2008); *Moore v. N.Y. State App. Div. Fourth Dep't*, Nos. 10-CV-5952 (KAM), 11-CV-204 (KAM), 2011 WL 703711 (E.D.N.Y. Feb. 17, 2011) (dismissing petitions).

Should petitioner wish to challenge further his Nassau County conviction in federal court, he must again move before the United States Court of Appeals for the Second Circuit for permission to pursue this successive petition for *habeas corpus* relief. 28 U.S.C. § 2244(b)(3)(A). Accordingly, in the interest of justice, the Clerk of the Court is respectfully

requested to transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *See Torres*, 316 F.3d at 151-52 (citing *Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996) (per curiam)). The provision of Rule 83.1 of the Local Civil Rules of the Eastern District of New York that requires a seven-day delay is waived. Upon transfer of this petition, the Clerk of the Court is respectfully requested to close this case. If the Second Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen under this docket number. The Clerk of the Court is respectfully requested to serve a copy of this Memorandum and Order on petitioner and to note such service in the docket.

SO ORDERED.

Dated:   February 23, 2012
         Brooklyn, New York

                                    /S/
                                    _____
                                    KIYO A. MATSUMOTO
                                    United States District Judge
                                    Eastern District of New York

4